IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| LYLE W. LEARY, ) | |
| ) | Case No. CV 07-541-S-EJL |
| Plaintiff, ) | |
| ) | **MEMORANDUM DECISION** |
| v. ) | **AND ORDER** |
| ) | |
| THE STATE OF IDAHO, et al., ) | |
| ) | |
| Defendants. ) | |

Pending before the Court in this prisoner civil rights case are the following Motions: IDOC Defendants' Motion for Summary Judgment (Docket No. 20)[1], Plaintiff's Motion to Amend Complaint (Docket No. 29), IDOC Defendants' Motion for Leave to File Additional Affidavit in support of their Motion for Summary Judgment (Docket No. 38), IDOC Defendants' Joint Motion for Extension of Time to File Pretrial Motions (Docket No. 43), and Plaintiff's Motion for Discovery (Docket No. 44).

Having reviewed the record in this matter, and having considered the written arguments of the parties in the briefing, the Court concludes that oral argument is unnecessary pursuant to Dist. Idaho Loc. Civ. R. 7.1(2)(ii). Accordingly, the Court enters the following Order.

---

[1] Defendants State of Idaho, Idaho Department of Correction, Bruce Reinke, John Hardison, and Correctional Medical Services filed this motion, in which Defendant Prison Health Services joined (Docket No. 23). For ease of reference, all Defendants will be referred to collectively as "IDOC Defendants."

**MEMORANDUM DECISION AND ORDER - 1**

# I.
# BACKGROUND

Plaintiff, an inmate at Idaho Department of Correction, alleges that in or about February 2001, he slipped and fell on water overflow from a shower in the pod where he was housed, severely injuring his knee. (Compl. ¶ 9, Docket No. 1.) He alleges that no care was provided by IDOC Defendants until July 2002; at that time, he was examined by a physician and a right knee ACL reconstruction was performed. (Compl. ¶ 10, Docket No. 1.) Plaintiff had a second surgery in 2005, but allegedly continued to experience problems that he contends were not addressed by IDOC Defendants. He was able to see his physician again on August 18, 2007, and Dr. Curtin advised him at that time that he needed additional exploratory surgery. (Compl. ¶¶ 13-14, Docket No. 1.) He claims that he has made numerous attempts to solicit medical intervention, but that the IDOC, the contract medical providers, and individuals within the prison have refused to provide him with appropriate medical treatment. (Compl. ¶ 15, Docket No. 1.)

Plaintiff further alleges that as a result of his requests for treatment, he was reclassified and transferred from a minimum security work release center to high security close custody confinement at Idaho State Correctional Institution, thus constituting retaliation. (Compl. ¶ 18, Docket No. 1.) He seeks relief for his deliberate indifference and retaliation claims under the Eighth and Fourteenth Amendments of the Constitution.

IDOC Defendants assert that dismissal of Plaintiff's claims is warranted, because he failed to exhaust his administrative remedies with respect to his medical care, and that his security reclassification resulted from his own misconduct. (Def.s' Mem. at 2, Docket No. 20-2.)

**MEMORANDUM DECISION AND ORDER - 2**

## II.
## DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

**A.     Standard of Law.**

IDOC Defendants allege that Plaintiff failed to exhaust his administrative remedies prior to filing his lawsuit. Pursuant to the Prison Litigation Reform Act of 1995 (PLRA),[2] a prisoner is required to exhaust all of his administrative remedies within the prison system before he can bring a civil rights lawsuit challenging the conditions of his confinement. 42 U.S.C. § 1997e(a). "Proper" exhaustion of administrative remedies is required, meaning that "a prisoner must complete the administrative review process in accordance with the applicable procedural rules, including deadlines, as a precondition to bringing suit in federal court." *Woodford v. Ngo*, 548 U.S. 81, 88 (2006). "There is no question that exhaustion is mandatory under the PLRA and that unexhausted claims cannot be brought in court." *Jones v. Bock*, 549 U.S. 199, 211 (2007). The *Jones v. Bock* Court noted that the important policy concern behind requiring exhaustion is that it "allows prison officials an opportunity to resolve disputes concerning the exercise of their responsibilities before being haled into court." *Id*. at 204.

Where there is an "informal[]" and "relative[ly] simpl[e]" prison grievance system, prisoners must take advantage of it before filing a civil rights complaint. *Woodford v. Ngo*, 548 U.S. at 103. In *Woodford v. Ngo*, the prisoner had filed his grievance within six months of the incident at issue, rather than within fifteen days as required by the California Prison grievance system. *Id*. at 86-87. The Supreme Court rejected the Ninth Circuit's determination that the prisoner "had exhausted administrative remedies simply because no such remedies remained

---

[2] 110 Stat. 1321-71, *as amended*, 42 U.S.C. § 1997e, *et seq*.

**MEMORANDUM DECISION AND ORDER - 3**

available to him." *Id*. at 87.

Failure to exhaust remedies is an affirmative defense that should be brought as an unenumerated Rule 12(b) motion. *Wyatt v. Terhune*, 315 F.3d 1108 (9th Cir. 2002). In deciding a motion to dismiss for failure to exhaust administrative remedies, a court may look beyond the pleadings and decide disputed issues of fact. *Id.* at 1119-20. Defendants bear the burden of proving failure to exhaust. *Brown v. Valoff*, 422 F.3d 926 (9th Cir. 2005).

**B.    Discussion.**

    **1.    Grievance Procedure.**

The IDOC has a relatively simple grievance procedure. The inmate first submits an inmate concern form, then a grievance, and then an appeal of the grievance. (*See* Aff. of Jill Whittington, Exs. A and B, IDOC Policy 316 and IDOC Division of Operations Directive 316.02.01.001 (Docket No. 20-4)).

Here, there is no evidence that Plaintiff ever submitted a grievance about the allegedly inappropriate medical care for his knee. The grievance process consists of completing an Inmate Concern Form, grievance, and grievance appeal. (Aff. of Whittington ¶ 11, Docket No. 20-5.) Grievances are routinely filed in grievance logs, and grievances are logged into a searchable computer database. (*Id.* ¶¶12-13.) There are no processed grievances by Plaintiff contained in the database. (*Id.* ¶ 14.)

Plaintiff has submitted no evidence to contradict the absence of any grievance. He claims that he submitted "kites" and "concerns," and at least one grievance. (Aff. of Leary ¶¶ 7-8, Docket No. 34.) But the prison has a logging system for grievances. (Aff. of Whittington ¶ 12 Docket No. 20-5.) The grievance system also uses a multi-part form for both concern forms and

**MEMORANDUM DECISION AND ORDER - 4**

grievances that allows the inmate to keep a copy. (Aff. of Whittington Ex. B, Docket No. 20-5.) If a plaintiff can show that he filed a grievance (because he has a copy), then the issue becomes whether the grievance was simply never answered. After *Jones v. Bock*, several district courts have determined that a prison's failure to respond to a timely-submitted grievance within the procedure's specified time frame for a response is the equivalent of exhaustion of administrative remedies. *See Harden v. South Carolina Dept. of Corr.*, 2007 WL 675632, at *3 (D.S.C. 2007); *Stewart v. Tai*, 2007 WL 1008024, at *3 (D. Mich. 2007). But this argument does not apply to Plaintiff's set of facts, because there is no evidence that Plaintiff ever filed a grievance.

He asserts several arguments to excuse his failure to exhaust administrative remedies. First, Plaintiff claims that the grievance process contained in the IDOC Policy was not functionally available to him because the process was not communicated to him, and he was unaware of the appeal process. (Pl.'s Mem. at 3-4, Docket No. 33.) However, Plaintiff has not shown that administrative procedures were unavailable or that prison officials obstructed his attempt to exhaust his administrative remedies. *See Ngo v. Woodford*, 539 F.3d 1108, 1110 (9th Cir. 2008)(explaining that no exception to the exhaustion requirement applied if the prisoner could not show the absence of policies or the obstruction of an attempt to exhaust his remedies). On the contrary, Plaintiff stated that the guards told him of the steps required to participate in the administrative appeal process, by filing a concern and then a grievance. (Aff. of Plaintiff ¶¶ 7-8, Docket No. 34.)

Next, Plaintiff raised, for the first time in his response brief, that Directive 316 was enacted after his arrival at the prison, and he was not given either written notice or an orientation concerning the grievance policy. (Pl.'s Mem. at 4, Docket No. 33.) However, Plaintiff entered

**MEMORANDUM DECISION AND ORDER - 5**

custody on June 1, 2000, and again on July 18, 2003, and would have been provided an orientation and access to the grievance policy. (Aff. of Christensen ¶¶ 4-7, Docket No. 38.)[3] Accordingly, Plaintiff has not provided any evidence that he should have been excused from the exhaustion requirements, because prison officials did not obstruct or prevent him from exhausting his administrative remedies.

### 2. Retaliation Claim.

Retaliation claims fit within the category of suits about prison life, and must also be preceded by the exhaustion of administrative remedies available. *Ziemba v. Wezner*, 366 F.3d 161, 163 (2nd Cir. 2004)(citing *Porter v. Nussle*, 534 U.S. 516, 532 (2002)). Plaintiff contends he was reclassified in retaliation for his repeated requests for medical treatment. Plaintiff has not established or plead in his complaint that he exhausted the available administrative remedies concerning his reclassification into higher security confinement. Moreover, IDOC Defendants submitted uncontradicted evidence that Plaintiff was reclassified because he failed to comply with the provisions of his work release program. (Aff. of Shoen ¶¶ 3-5, Docket No. 20-4; Aff. of Daniel ¶¶ 3-4, Docket No. 20-6; Aff. of Brandner ¶¶ 2-4, Docket No. 20-7.) Accordingly, Plaintiff has not shown that he exhausted available administrative remedies, and even if he had, the uncontradicted evidence established that his reclassification resulted from violation of his

---

[3] IDOC Defendants submitted the Affidavit of Jay Christensen with their Reply Brief in support of their motion. Fed. R. Civ. P. 56(e)(1) permits the Court to allow the moving party to supplement their affidavits. This comports with the idea that a party should be afforded the opportunity to respond to new evidence in a reply. *Provenz v. Miller*, 102 F.3d 1478, 1483 (9th Cir. 1996). Dist. Idaho Loc. Civ. R. 7.1 also does not prohibit the filing of an affidavit with a reply brief. Therefore, in the absence of any objection by Plaintiff, and in the exercise of its discretion, the Court will consider the Affidavit of Jay Christensen in response to the arguments raised in Plaintiff's response brief and affidavit.

**MEMORANDUM DECISION AND ORDER - 6**

work release agreement.

### III.
### PLAINTIFF'S MOTION TO AMEND COMPLAINT

Plaintiff seeks to add two additional deliberate indifference claims to his complaint pursuant to Fed. R. Civ. P. 15(a).  (Docket No. 29.)  Plaintiff filed his motion to amend on November 4, 2008, claiming that at the time he filed his original complaint on December 24, 2007, he did not know that he had Hepatitis C and was not treated for it while incarcerated; his second claim concerns pain in his abdomen since 2006 that was not treated.  (Mot. at 2, Docket No. 29.)

**A.    Standard of Review**.

Federal Rule of Civil Procedure 15(a) addresses amendments to pleadings.  Once a responsive pleading has been filed, as is the case here, "a party may amend its pleading only with the opposing party's written consent or the court's leave.  The court should freely give leave when justice so requires."  Fed. R. Civ. P. 15(a)(2).  Leave to amend is left within the sound discretion of the trial court.  *United States v. Webb*, 655 F.2d 977, 979 (9th Cir. 1981).  "In exercising this discretion, a court must be guided by the underlying purpose of Rule 15—to facilitate decision on the merits, rather than on the pleadings or technicalities."  *Id*.  Further, "Rule 15's policy of favoring amendments to pleadings should be applied with 'extreme liberality.'"  *Id.*, *quoted in DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1987).

The Ninth Circuit has stated that in assessing the propriety of a motion to amend, it will consider five factors:  "(1) bad faith; (2) undue delay; (3) prejudice to the opposing party; (4) futility of amendment; and (5) whether the [party] has previously amended his [pleadings]." *Nunes v. Ashcroft*, 375 F.3d 805, 808 (9th Cir. 2004).  Futility alone can be enough to deny a

**MEMORANDUM DECISION AND ORDER - 7**

motion for leave to amend. *Id*. *See also Bonin v. Calderon*, 59 F.3d 815, 845 (9th Cir. 1995) (finding that the "proffered amendments would be nothing more than an exercise in futility" and affirming the district court's exercise of its discretion in denying the amended complaint because the moving party presented "no new facts but only new theories and provide[d] no satisfactory explanation for his failure to fully develop his contentions originally.").

**B.      Futility of Amendment.**

A motion for leave to amend may be denied if it appears to be futile or legally insufficient. *Miller v. Rykoff-Sexton, Inc.*, 845 F.2d 209, 214 (9th Cir. 1988). A proposed amendment is futile if no set of facts can be proven under the amendment of the pleadings that would constitute a valid and sufficient claim or defense. *Id*. If it could be defeated on a motion for summary judgment, an amendment will be deemed futile. *Gabrielson v. Montgomery Ward & Co.*, 785 F.2d 762, 766 (9th Cir. 1986).

**1.      Hepatitis Claim.**

Plaintiff claims with respect to his Hepatitis C diagnosis that he did not know he had Hepatitis C until he was released from custody in or about June 3, 2008, was not treated for it while in custody, and that IDOC Defendants should have known of his diagnosis and treated him for the disease. (*See* Aff. of Leary, Docket No. 31.) With respect to these allegations, the Court concludes that Plaintiff's new claims are both untimely and unexhausted, and thus amendment would be futile.

Inasmuch as the civil rights statute provides a remedy but does not itself confer any substantive rights, the statute of limitation period for filing a civil rights suit is the statute of limitation period for personal injuries in the state where the claim arose. *Wilson v. Garcia*, 471

**MEMORANDUM DECISION AND ORDER - 8**

U.S. 261 (1985).  In Idaho, the statute of limitation for personal injuries is two years.  Idaho Code § 5-219.

The Court uses federal law to determine when a claim accrues.  *Elliott v. Union City*, 25 F.3d 800, 801-02 (9th Cir. 1994).  The Ninth Circuit has determined that a claim accrues when the plaintiff knows, or should know, of the injury that is the basis of the cause of action. *See Fink v. Shedler*, 192 F.3d 911, 913 (9th Cir. 1999); *Kimes v. Stone*, 84 F.3d 1121, 1128 (9th Cir.1996); *Samuel v. Michaud,* 980 F. Supp. 1381, 1410 (D. Idaho 1996), *aff'd*, 129 F.3d 127 (9th Cir. 1997).  Under the "discovery rule," the statute begins to run once a plaintiff knows of his injury and its cause.  *Gibson v. United States*, 781 F.2d 1334, 1344 (9th Cir. 1986).  Under the discovery rule, a plaintiff "must be diligent in discovering the critical facts," or his claim will be barred if he "should have known in the exercise of due diligence."  *Bibeau v. Pacific Northwest Research Foundation*, 188 F.3d 1105, 1108 (9th Cir. 1999).

A claimant may file a lawsuit beyond the statute of limitation deadline if he can show that his statute of limitation should have been tolled (or stopped) for a certain period of time during the deadline period within which he should have filed the lawsuit.  In a civil rights case such as this, state tolling provisions apply unless important federal policy will be undermined. *See Johnson v. Railway Express Agency, Inc*., 421 U.S. 454, 464–65 (1975).  In addition, the statute of limitation for a prisoner civil rights claim is tolled while the inmate exhausts administrative grievance procedures pursuant to the Prison Litigation Reform Act ("PLRA").  *Brown v. Valoff*, 422 F.3d at 943.

**MEMORANDUM DECISION AND ORDER - 9**

In response to Plaintiff's motion to amend his complaint, Defendant Prison Health Services submitted Plaintiff's medical records that show Plaintiff was diagnosed with Hepatitis C as early as June 2000, and underwent periodic monitoring and treatment for the disease. (Aff. of Julian Exs. A-L, Docket No. 35-2.) Thus, Plaintiff knew or should have known of his claim regarding failure to monitor and treat him for the disease no later than June 2000. According to his medical records, Plaintiff was considered not eligible for further evaluation or Interferon and Ribavirin therapy as of May 17, 2005. (Aff. of Julian Ex. L, Docket No. 35-2.) Plaintiff signed the form acknowledging his ineligibility for further treatment on May 17, 2005. (*Id.*) Accordingly, any claim related to the failure to treat him for Hepatitis C had to be brought within two years of May 17, 2005, plus an approximate 60-day period for exhaustion of administrative remedies,[4] which would have extended the statute to July 17, 2007. Plaintiff filed his complaint on December 24, 2007, nearly half a year too late. (Docket No. 1.) Thus, even assuming his claim could relate back to the date of filing his original complaint under Fed. R. Civ. P. 15(c)(1)(B), the statute of limitations had already expired.[5]

Nor has Plaintiff shown that he exhausted his administrative remedies with respect to his Hepatitis C claim. The fact that Plaintiff has been released from custody is not an excuse from compliance with the exhaustion requirement, provided that during his incarceration he had access to the grievance system. *Dixon v. Page*, 291 F.3d 485, 489 (7th Cir. 2002). As

---

[4] See Affidavit of Whittington, Docket No. 20-5.

[5] The Court assumes, for the sake of argument only, that Plaintiff's claim could relate back to the original filing date. However, the claim, in fact, would not relate back to the original filing date because the claim for failure to treat his Hepatitis C does not assert a claim that arose out of the conduct, transaction, or occurrence set forth in the original pleading. Fed. R. Civ. P. 15(c)(1)(B).

**MEMORANDUM DECISION AND ORDER - 10**

established above, Plaintiff had adequate notice of the grievance system. Because Plaintiff's claim is both untimely and unexhausted, the proposed amendment would be futile.

### 2. Abdominal Pain.

Plaintiff alleges he has suffered from abdominal pain since 2006, and that Defendants knew of his abdominal pain "as early as 2006." (Aff. of Leary ¶ 10, Docket No. 31.) Plaintiff's proposed amendment to add a claim for failure to treat his abdominal pain does not assert a claim that arose out of the conduct, transaction, or occurrence set forth in the original pleading, and therefore it would *not* relate back to the filing date of his complaint, December 24, 2007. Fed. R. Civ. P. 15(c)(1)(B). Plaintiff filed his motion to amend complaint on November 4, 2008, and it is unclear whether, under that date, this claim would be barred by the statute of limitation.

Setting aside the issue of timeliness, the Court concludes that Plaintiff has not established that he has exhausted his administrative remedies. While the Court recognizes that the statute of limitation may bar Plaintiff from filing a new complaint, there is no exception to the rule that a plaintiff must exhaust his claims *prior* to the filing of a complaint. Because Plaintiff has not shown that he exhausted his administrative remedies, the proposed amendment to add a claim for failure to provide care for his abdominal pain would be futile.[6]

---

[6] The Court also notes that Plaintiff has not shown good cause or an absence of prejudice to the Defendants under Fed. R. Civ. P. 16(b) for failing to amend his complaint prior to the September 15, 2008 deadline in the Court's scheduling order. Fed. R. Civ. P. 16(b); *Robinson v. Twin Falls Highway Dist.*, 233 F.R.D. 670, 672 (D. Idaho 2006) (citing *Coleman v. Quaker Oats*, 232 F.3d 1271, 1272 (9th Cir. 2000)).

**MEMORANDUM DECISION AND ORDER - 11**

## IV.
## Conclusion

The Court concludes that Plaintiff did not exhaust his administrative remedies prior to filing his Complaint. The prison has a fairly simple, long-standing grievance process that Plaintiff failed to use. Plaintiff has not brought forward sufficient evidence showing that he either substantially complied with the grievance procedure or that adequate excuse existed for not using the system. The Supreme Court has been very clear that "[t]here is no question that exhaustion is mandatory under the PLRA and that unexhausted claims cannot be brought in court." *Jones v. Bock*, 549 U.S. at 211.

In addition, Plaintiff's attempt to add his first new claim is barred by the statute of limitations and his failure to exhaust administrative remedies, and his second new claim is barred by his failure to exhaust administrative remedies. Accordingly, the Court finds it unnecessary to address Defendants' additional arguments in opposition to the motion to amend the complaint.

As a result of its findings, the Court shall dismiss Plaintiff's claims.

## OTHER PENDING MOTIONS

Because of the dismissal of this case, IDOC Defendants' Joint Motion for Extension of Time to File Pretrial Motions (Docket No. 43), and Plaintiff's Motion for Discovery (Docket No. 44) are moot.

**ORDER**

NOW THEREFORE IT IS HEREBY ORDERED:

A. IDOC Defendants' Motion for Summary Judgment (Docket No. 20), including Defendant Prison Health Services joinder therein (Docket No. 23), is GRANTED;

B. Plaintiff Leary's Motion to Amend Complaint (Docket No. 29), is DENIED;

C. IDOC Defendants' Motion for Leave to File Additional Affidavit in support of their Motion for Summary Judgment, (Docket No. 38), is GRANTED;

D. IDOC Defendants' Joint Motion for Extension of Time to File Pretrial Motions (Docket No. 43), is DENIED AS MOOT;

E. Plaintiff's Motion for Discovery (Docket No. 44), is DENIED AS MOOT; and

F. Plaintiff's case is DISMISSED.

DATED: **March 17, 2009**

Honorable Edward J. Lodge
U. S. District Judge